# PLUESE, BECKER & SALTZMAN, LLC
Attorneys at Law

**ROB SALTZMAN** ◆
RSaltzman@pbslaw.org

**SANFORD J. BECKER**
SBecker@pbslaw.org

**ROBERT T. PLUESE**
Retired

◆ PA and NJ Bars

20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054-4318
Telephone: (856) 813-1700
Telecopier: (856) 813-1720

**ROBERT F. THOMAS** ◆
RThomas@pbslaw.org

**COURTNEY A. MARTIN**◆
CMartin@pbslaw.org

*Of Counsel*

**STUART H. WEST**◆
SWest@pbslaw.org

November 30, 2021

Our File: 101573B

The Honorable Jerrold N. Poslusny, Jr., U.S.B.J.
United States Bankruptcy Court                                          VIA ECF
400 Cooper Street, 4th Floor
Camden, New Jersey

Re:  In re: Joseph P. Pappalardo
     Case No. 19-19108
     Hearing Date: December 21, 2021

Dear Judge Poslusny:

As the Court's file should reflect, the undersigned represents the Secured Creditor/First Mortgagee, Cenlar FSB, servicer for Police and Firemen's Retirement System Board of Trustee by its Administrative Agent New Jersey Housing and Mortgage Finance Agency, ("Cenlar FSB", collectively the "Mortgagee"), regarding the above-referenced matter, which is the subject of the Debtor's pending Motion (the "Motion") to approve a proposed Refinance Transaction (the "Transaction"), presently returnable before Your Honor on the date indicated above.

Please accept this brief letter memorandum in lieu of a more formal response to the Debtor's pending Motion. The Mortgagee does not object to the proposed Transaction if and only if the Order approving such Transaction provides for full satisfaction of all amounts due on the Mortgagee's Mortgage as a condition of the discharge/release of their lien and if, in fact, all amounts due on the Mortgage are actually tendered. It should be understood by all interested parties that the Mortgagee will not discharge/release their lien unless and until all such sums due are timely and fully satisfied. It should be understood that interest, etc. continues to accrue and that the Debtor and/or Trustee should request updated payoff figures as the anticipated closing draws nigh and that all terms and conditions contained in the Mortgagee's payoff statement and transmittal letter will apply.

Hon. Jerrold N. Poslusny, Jr., U.S.B.J.
In re Joseph P. Pappalardo
Case No. 19-19108
p.2

For the avoidance of doubt, the Mortgagee consents to the proposed Transaction if and only if the following language is included in the Order approving the transaction:

> It is expressly understood, agreed, stipulated and Ordered that the Mortgagee consents to a sale or refinance of the mortgaged property (the "Transaction") if and only if a sufficient portion of the proceeds of any Transaction shall be devoted to full satisfaction of all sums due upon the Mortgage held/serviced by the Mortgagee, their successors and/or assigns and that the Mortgage lien shall not be released unless and until sufficient funds are tendered and applied to the subject Mortgage account to fully satisfy all sums due upon the Mortgage, notwithstanding entry of Final Judgment in Foreclosure and/or any Proof(s) of Claim or other documents filed in any Bankruptcy case, together with any amounts, including without limitation advances, disbursements, interest, costs, fees, etc. which may have been disbursed, incurred or otherwise become due after a formal Payoff Statement is provided. All terms and conditions of the Mortgagee's Payoff Statement, to be supplied in the ordinary course, are to be deemed incorporated herein by reference and compliance with such terms and conditions is required as a condition precedent to release of the Mortgage lien. The Mortgagee's contractual Payoff Statement and applicable non-bankruptcy law shall be the exclusive determinant of the full amount due on the Mortgage lien. The Trustee and/or Debtor reserves the right to question, contest and/or request verification of any line item(s) in the Mortgagee's Payoff Statement, but waives any challenge to the contractual calculation of the full amount due. In the alternative, the Mortgagee may, in their exclusive and unrestricted discretion, agree to accept less than the full amount due to release their lien, but is not obligated to do so.

Thank you for Your Honor's consideration of this matter.

Respectfully Submitted,

Pluese, Becker & Saltzman, LLC

By:   /s/ Stuart H. West
      Stuart H. West, Esquire

SHW/dlc

cc:   Joni L. Gray, Esquire, 525 Route 73 South, Suite 200, Marlton, NJ 08053
     Isabel C. Balboa, Trustee, Cherry Tree Corporate Center, 535 Route 38, Suite 580, Cherry Hill, NJ 08002
     Joseph P. Pappalardo, 9 Hemlock Drive, Blackwood, NJ 08012